FILED
SUPERIOR COURT
OF GUAM

2021 JAN -7 PM 4 13

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CF0446-18** |
| v. | **DECISION AND ORDER**<br>Re: Defendant's Ex Parte Motion and<br>Application for Bail Redetermination |
| **LOUIS ANTHONY JOHN VARGAS,** | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on January 5, 2020, upon a hearing for Defendant's Ex Parte Motion and Application for Bail Redetermination. The People are represented by Assistant Attorney General Sean Brown. The Defendant, Louis Anthony John Vargas ("Vargas"), is represented by Assistant Public Defender Stephen Hattori. For the reasons set forth below, having reviewed the moving papers and oral argument of both parties, the Court **DENIES** Defendant Vargas' Ex Parte Motion and Application for Bail Redetermination.

### BACKGROUND

On August 9, 2018, Vargas was indicted with *Eight Counts* of **First Degree Criminal Sexual Conduct (As a First Degree Felony)**, *Eight Counts* of **SPECIAL ALLEGATION: Vulnerable Victim Enhancement**, *Six Counts* of **Second Degree Criminal Sexual Conduct (As a First Degree Felony)**, and *Six Counts* of **SPECIAL**

**ALLEGATION: Vulnerable Victim Enhancement.** Defendant continues to be in pre-trial custody since his arrest on a warrant on October 15, 2018. Ex parte Mot. and Application for Bail Redetermination (Nov. 3, 2020).

On September 14, 2018, this Court issued an Order of Conditional Release, ordering that the Defendant be confined to house arrest at his Mangilao residence and not to leave Guam without permission of the Court. Opp'n to Def.'s Ex Parte Mot. (Dec. 7, 2020). On October 10, 2018, the Defendant left Guam without permission of the Court. *Id.* This Court issued a warrant for Vargas' arrest and revoked his pre-trial release conditions at a hearing on October 15, 2018. On October 23, 2018, this Court imposed a one hundred thousand ($100,000.00) cash bail. Ex Parte Mot. and Application for Bail Redetermination (Nov. 3, 2020).

Vargas filed the instant motion on November 3, 2020, seeking release on "personal recognizance under the supervision of two third party custodians, electronic monitoring and with the posting of $10,000 cash bail." *Id.* The People oppose the motion on the grounds that Vargas is a significant flight risk and there is a high likelihood of conviction. The Court heard the oral arguments on January 5, 2020, and subsequently took the matter under advisement.

## DISCUSSION

Title 8 of the Guam Code Annotated, Section 40.50(a), instructs the Court to review the conditions of release imposed, after application by the Defendant, if "after twenty four (24) hours from the time of the release hearing continues to be detained as a result of his inability to meet the conditions of release." 8 GCA § 40.50(a). The release conditions are reviewed pursuant to the Guam release statutes, specifically Title 8 of the Guam Code Annotated, Sections 40.15 and 40.20. See *People v. Bruneman*, 1996 Guam 3 ¶ 3-4.

Defendant first seeks to be released on personal recognizance. The Court examines the law surrounding release on personal recognizance as stated in 8 GCA § 40.15. Title 8 GCA § 40.15(c) sets forth the factors the Court must consider:

> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
>
> (2) the history and characteristics of the person charged including:

CF0446-18, People of Guam v. Louis Anthony John Vargas
Decision and Order (Ex Parte Motion and Application for Bail Redetermination).

Page 1 of 5

a. length of his/her residence on Guam;

b. his/her employment status history, and financial condition;

c. his/her family ties and relationships;

d. his/her prior reputation, character and mental and physical condition;

e. his/her prior criminal record, including any record of prior release on recognizance or on bail;

f. his/her history relating to drug or alcohol abuse;

g. the identity of the reasonable members of the community who will vouch for his/her reliability

h. whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of offense under Federal, state or local law; and

i. his/her history of compliance with other Court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c).

If the Defendant's release on personal recognizance is deemed improper, the court must impose the least onerous conditions that would reasonably assure the appearance of the defendant and the safety of the community. Conditions of release include:

a. placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in court;

b. placement of restrictions on the activities, movements, associations, and residence of the person;

c. placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology,

CF0446-18, People of Guam v. Louis Anthony John Vargas
Decision and Order (Ex Parte Motion and Application for Bail Redetermination).

Page 1 of 5

if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

d.  execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

e.  release of the person during working hours, but with the condition that he/she return to custody at specified times;

f.  require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

g.  any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 GCA § 40.20. See *People v. Song*, 2011 Guam 19 ¶ 11 ("[d]eterminations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, to wit, ensuring the appearance of the accused and the safety of others").

Here, Vargas has failed to comply with previous Court orders, including leaving Guam without Court approval. Further, the Court is concerned with the threat Defendant poses to the community, as Defendant is charged with harming a minor child. Vargas has previously been given the opportunity for pre-trial release but has lost that opportunity as evidenced by the Violation Reports which led to the revocation of his pre-trial release. Additionally, Vargas' sister, who is currently charged for a drug offense in CF0369-20, and is currently on pre-trial release, would be a resident at the house in which his potential third party custodian would reside.

Thus, based on the preceding, the Court denies Vargas' request of ten thousand ($10,000.00) dollars cash bail in conjuction with release to a third party custodian and electronic monitoring due to Vargas' status as a significant flight risk and the high probability he will be convicted of the crime charged.

## Conclusion

Based on the foregoing, Defendant Vargas' Ex Parte Motion and Application For Bail Redetermination is **DENIED**.

**SO ORDERED** this ___1/7/20 2 1___.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

AG , MOSC

Date: 1/8/21  Time: 4:30 pm

Deputy Clerk, Superior Court of Guam